**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Joshua Lindenmuth,
      Plaintiff,

        v.

Borough of Frackville, et al.
      Defendants.

:
:
:   CIVIL NO. 3:26-cv-00704-MEM
:
:
:
:   JURY TRIAL DEMANDED
:

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT PAUL
OLSON**

Defendant, Paul Olson (hereinafter "Answering Defendant"), by and through his attorneys, Marshall Dennehey P.C., hereby files his Answer to Plaintiff's Complaint with Affirmative Defenses, denying each averment contained therein except those expressly admitted herein and avers as follows:

**JURISDICTION AND VENUE**

1.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, admitted.

2.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, admitted.

3.      Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, admitted.

## PARTIES

4.      Admitted in part and denied in part. It is admitted only that Plaintiff is who he says he is. All remaining allegations are denied and strict proof thereof is demanded at the time of trial.

5.      Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

6.      Admitted in part and denied in part. It is admitted only that Answering Defendant is an adult resident of Pennsylvania, who, at all times material to this Complaint, was the Chief of Police for the Frackville Police Department. With regard to the balance of the averments set forth in this paragraph, said averments constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

7.      Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

8.      Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

## FACTUAL ALLEGATIONS

9.      Admitted in part and denied in part. It is admitted only that, on August 19, 2025, Plaintiff contacted Frackville Police Department. With regard to the balance of averments set forth in this paragraph, after reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

10.    Admitted in part and denied in part. It is admitted only that Answering Defendant and Defendant Murton interacted with Plaintiff on August 19, 2025. With regard to the balance of averments set forth in this paragraph, after reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

11.    Admitted in part and denied in part. It is admitted only that Answering Defendant discussed with Plaintiff a collision concerning a fence. With regard to the balance of averments set forth in this paragraph, after reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial. By way of further answer, it is believed that the interaction between Answering Defendant and Plaintiff was recorded by body worn camera(s) and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

12.    Admitted in part and denied in part. It is admitted only that Answering Defendant discussed with Plaintiff a vehicle collision with a fence, and Plaintiff's reasoning for contacting law enforcement. With regard to the balance of averments

set forth in this paragraph, after reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial. By way of further answer, it is believed that the interaction between Answering Defendant and Plaintiff was recorded by body worn camera(s) and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

13.     Admitted in part and denied in part. It is admitted only that Answering Defendant and Plaintiff had a discussion that involved the towing of Plaintiff's vehicle, and that Plaintiff was arrested for an outstanding bench warrant. With regard to the balance of averments set forth in this paragraph, after reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial. By way of further answer, it is believed that the interaction between Answering Defendant and Plaintiff was recorded by body worn camera(s) and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

14. Admitted in part and denied in part. It is admitted only that Plaintiff was arrested pursuant to an outstanding warrant. It is specifically denied that Plaintiff has never been in trouble with the law before. With regard to the balance of averments set forth in this paragraph, after reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial. By way of further answer, it is believed that the interaction between Answering Defendant and Plaintiff was recorded by body worn camera(s) and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

15. Denied. The averments set forth in this paragraph are specifically denied and strict proof thereof is demanded at the time of trial.

16. Admitted in part and denied in part. It is admitted only that an arrest warrant existed for a different Joshua Lindenmuth than Plaintiff. With regard to the balance of averments set forth in this paragraph, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

17. Denied. The averments set forth in this paragraph are specifically denied and strict proof thereof is demanded at the time of trial. By way of further answer, it is believed that the interaction between Answering Defendant and Plaintiff

was recorded by body worn camera(s) and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

18.    Denied. The averments set forth in this paragraph are specifically denied and strict proof thereof is demanded at the time of trial. By way of further answer, it is believed that the interaction between Answering Defendant and Plaintiff was recorded by body worn camera(s) and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

19.    Admitted in part and denied in part. It is admitted that Defendant Murton handcuffed Plaintiff and placed him in the back of his patrol vehicle. It is specifically denied that Answering Defendant handcuffed Plaintiff or placed him in the back of the patrol vehicle. By way of further answer, it is believed that the interaction between Answering Defendant and Plaintiff was recorded by body worn camera(s) and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

20.    Admitted in part and denied in part. It is admitted only that Answering Defendant engaged in a dialogue with Plaintiff following his arrest. With regard to the balance of averments set forth in this paragraph, said averments are specifically

denied and strict proof thereof is demanded at the time of trial. By way of further answer, it is believed that the interaction between Answering Defendant and Plaintiff was recorded by body worn camera(s) and as such, any averments set forth in this paragraph inconsistent with the same are specifically denied and strict proof thereof is demanded at the time of trial.

21.    Denied. The averments set forth in this paragraph are specifically denied and strict proof thereof is demanded at the time of trial.

22.    Admitted in part and denied in part. It is admitted only that Officer Murton transported Plaintiff to Schuylkill County Prison, where he was taken into custody and processed. With regard to the balance of averments set forth in this paragraph, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

23.    Denied. After reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

24.    Denied. After reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

25.    Denied. After reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

26.    Denied. After reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

27.    Denied. After reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

28.    Denied. After reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

29.    Denied. After reasonable investigation and inquiry, Answering Defendant is without sufficient information to form a belief as to the truth and veracity of the averments set forth in this paragraph and as such, said averments are denied and strict proof thereof is demanded at the time of trial.

30. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

31. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

32. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

33. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

### COUNT I – UNLAWFUL SEIZURE / FALSE ARREST
### 42 U.S.C. § 1983
#### *Against Officer Defendants*

34. Paragraphs 1-33 are incorporated herein by reference as if fully set forth at length.

35. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

36. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

37. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

38. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

39. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

40.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

41.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

42.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

43.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

44.    Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

45. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

46. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

47. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Answering Defendant demands judgment in his favor and against Plaintiff together with such relief this Court deems just and appropriate.

## COUNT II – SUPERVISORY LIABILITY
### 42 U.S.C. § 1983
*Against Defendant Olson*

48. Paragraphs 1-47 are incorporated herein by reference as if fully set forth at length.

49. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a

response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

50. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

51. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

52. Denied. The averments set forth in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are specifically denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Answering Defendant demands judgment in his favor and against Plaintiff together with such relief this Court deems just and appropriate.

### COUNT II – MUNICIPAL LIABILITY (Failure to Train, Supervise, or Discipline) 42 U.S.C. § 1983
*Against Defendant Borough of Frackville*

53. Paragraphs 1-52 are incorporated herein by reference as if fully set forth at length herein.

54.   Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

55.   (a)-(d) Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

56.   Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

57.   Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is

required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

58.    Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

59.    Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

60.    Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a

response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

61.   Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Answering Defendant demands judgment in his favor and against Plaintiff together with such relief this Court deems just and appropriate.

## COUNT II – MUNICIPAL LIABILITY (Failure to Train, Supervise, or Discipline) 42 U.S.C. § 1983
### Against Defendant Schuylkill County

62.   Paragraphs 1 through 61 are incorporated herein by reference as if fully set forth at length.

63.   Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

64.    Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

65.    Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

66.    Denied. The averments set forth in this paragraph are directed to a Defendant other than Answering Defendant and as such, no responsive pleading is required. By way of further response, the averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, said averments are denied and strict proof thereof is demanded at the time of trial.

WHEREFORE, Answering Defendant demands judgment in his favor and against Plaintiff together with such relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Answering Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Answering Defendant reserves the right to amend and/or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing, without regard to whether defenses set forth below are affirmative defenses in the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in his Answer, Answering Defendant asserts the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief may be granted as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any injuries and/or damages, the same being specifically denied, said injuries and/or damages were caused by others over whom Answering Defendant had no control or right of control.

### THIRD AFFIRMATIVE DEFENSE

No act or failure to act on the part of Answering Defendant violated any of Plaintiff's Constitutional rights.

## FOURTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and Commonwealth of Pennsylvania.

## FIFTH AFFIRMATIVE DEFENSE

At no time were Plaintiff's United States Constitution Fourth Amendment rights violated.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are barred by any judicial determination of any Federal Court, Answering Defendant claims the same as a defense to Plaintiff's claims.

## SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all defenses, immunities, and limitations on damages to which he may be entitled under the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541 *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all the defenses available to him under the Civil Rights Act of 1871.

## NINTH AFFIRMATIVE DEFENSE

Negligent or careless conduct is insufficient to maintain a cause of action pursuant to 42 U.S.C. § 1983 and Answering Defendant claims the same as a defense.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by way of Plaintiff's contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts immunity from the imposition of damages, which are premised upon negligent conduct, as that term is defined in *Davidson v. Cannon*, 474 U.S. 344 (1986) and *Daniels v. Williams*, 474 U.S. 327 (1986).

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant asserts all official immunity, qualified immunity, statutory immunity, and common law immunity to all claims asserted under Federal and State law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for violation of the Constitution under 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all times material to Plaintiff's Complaint, Answering Defendant acted in a manner which was objectionably reasonable, in light of the facts and circumstances confronting him. *Graham v. Connor,* 490 U.S. 386 (1989).

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts that at all times material to Plaintiff's Complaint, Answering Defendant never violated clearly established law, and at all times concerned with this matter ,acted in a manner which is proper, reasonable and lawful, and under the exercise of good faith, and as such is entitled to not only qualified immunity, but a right not to go to trial as articulated in *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts that even if it is determined that Answering Defendant acted negligently and violated clearly established law, Answering Defendant remains immune from imposition of damages pursuant to *Daniels v. Williams*, 474 U.S. 327 (1986). By way of further response, Answering Defendant denies any and all liability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts the defense of qualified immunity as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) and subsequent cases.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries, sufferings and/or damages, if any, were caused by his own conduct, criminal acts or omissions, negligence, recklessness, disregard, and other behaviors, or the conduct, criminal acts or omissions, or negligence of others, and not in any way by any conduct on behalf of Answering Defendant

**NINETEENTH AFFIRMATIVE DEFENSE**

Pursuant to Fed. R. Civ. P. 15(a)(2), Answering Defendant herein reserves the right to amend his affirmative defenses if, during the course of litigation, such affirmative defenses are made known to Answering Defendants which, at the time of this pleading, are not otherwise known.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited by the applicable statute of limitations.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

At no time did Answering Defendant's actions rise to the level of gross negligence or arbitrariness that shocks the conscious. *Miller v. City of Philadelphia*, 174 F.3d 368 (3d Cir. 1999), and its progeny.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recovery of attorneys fees or liquidated damages against Answering Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for punitive damages and will be unable to prove any egregious or wanton conduct by Answering Defendant which would entitle him to such an award.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by *Heck v. Humphrey* and its progeny.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Probable cause existed to arrest Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

At no time did Answering Defendant act with deliberate indifference.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: _____

Donald L. Carmelite, Esquire
PA I.D. No. 84730
Coryn D. Hubbert, Esquire
PA I.D. No. 334121
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Dated: April 22, 2026         Telephone: (717) 651-3504;
(717) 651-3703
Fax: (717) 651-3707
Email: dlcarmelite@mdwcg.com;
cdhubbert@mdwcg.com
*Attorneys for Defendant Paul Olson II*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I served a true and correct copy of the foregoing document on all counsel of record via the United States District Court – Middle District of Pennsylvania Electronic Court Filing system.


_____
Donald L. Carmelite, Esquire