UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA LINDENMUTH,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:26-704** |
| **v.** | : | **(JUDGE MANNION)** |
| **JOSEPH MURTON, *et al.*,** | : | |
| **Defendants** | : | |

# MEMORANDUM

Pending before the court is defendant Joseph Murton's ("Murton") motion for judgment on the pleadings. (**Doc. 21**). For the reasons stated herein, the motion will be **DENIED**.

## I. BACKGROUND

By way of relevant background, on March 18, 2026, plaintiff Joshua Lindenmuth ("the plaintiff") filed a complaint alleging claims of unlawful seizure/false arrest against defendants Murton and Borough of Frackville Police Chief Paul Olson, III, supervisory liability against Olson, and municipal liability against defendants Borough of Frackville and Schuylkill County, all in violation of 42 U.S.C. §1983. (Doc. 1). The complaint stems from an alleged August 19, 2025, incident where the plaintiff was arrested and detained in the Schuylkill County Prison for over fifteen hours due to officers Murton and Olson mistaking him for another individual of the same name.

(Doc. 1, ¶¶13, 22-29). That individual had an outstanding arrest warrant for failing to appear in court. *Id.*, ¶¶ 15-16.

According to the plaintiff, the officers should have and could have recognized their mistake via basic investigative measures, such as comparing the date of birth on his driver's license to the wanted Joshua Lindenmuth's, considering they are separated by twelve years in age. *Id.*, ¶18, 21, 37-42. Moreover, the plaintiff asserts that Olson's role as police chief makes him liable under a theory of supervisory liability, and that the policies, procedures, customs, and practices of both the Borough of Frackville and Schuylkill County make them liable under a theory of municipal liability. *Id.*, ¶¶48-66.

On May 7, 2026, Officer Murton filed the present motion for judgment on the pleadings with an accompanying brief in support. (Docs. 21, 21-1).[1] On May 21, 2026, the plaintiff filed a brief in opposition to the motion. (Doc. 23). No reply brief was filed. Thus, the motion is ripe for disposition.

---

[1] The court notes that the defendant's brief is attached to his motion as an exhibit. The court notes for future purposes that Local Rule 7.5 provides that briefs in support of motions shall be filed as a separate docket entry.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment will be granted if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). Generally, the standard for deciding a motion for judgment on the pleadings pursuant to Rule 12(c) is identical to that for deciding a motion to dismiss pursuant to Rule 12(b)(6). *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). The court must view "the facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the nonmoving party." *Id.* However, the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. V. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). The court also need not accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 554. "Factual allegations

must be enough to raise a right to relief above the speculative level. *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 554, and providing further guidance on the standard set forth therein) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a claim and must state a claim that is plausible on its face).

In deciding the defendant's motion, the court should generally consider only the allegations in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which the plaintiff has identified as the basis of their claim. *See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In addition, unlike a motion to dismiss, in ruling on a motion for judgment on the pleadings, "the court . . . reviews not only the complaint but also the answer and written instruments attached to the pleadings." *Brautigam v. Fraley*, 684 F.Supp.2d 589, 591 (M.D.Pa. 2010).

## III. DISCUSSION

Officer Murton argues that the present motion should be granted, and the claim of unlawful seizure/false arrest should be dismissed under the doctrine of qualified immunity.

The doctrine of qualified immunity provides that government officials performing "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an individual defendant is entitled to qualified immunity, the court should consider: (1) whether the plaintiff has shown facts that make out a constitutional rights violation, and if so, (2) whether those rights were "clearly established" at the time of the incident. *Pearson v. Callahan*, 555 U.S. 223 (2009); *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) ("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct") (citation omitted). "To determine whether the individual officers are entitled to qualified immunity, the District Court [is] required to consider whether, under the factual scenario of this case, the officers were reasonable to believe that their actions did not violate the [plaintiff's] clearly established rights." *Perez v. Borough of Berwick*, 507 F.App'x. 186, 192 (3d Cir. 2012). Finally, qualified immunity is designed to protect government officials from liability when they make "mere mistakes in

judgment, whether the mistake is one of fact or one of law." *Butz v. Economou*, 438 U.S. 478, 507 (1978).

Here, the parties do not dispute the existence of a right; instead, they dispute whether Murton's actions were reasonable. The plaintiff argues that an arrest warrant for an individual named "Joshua Lindenmuth" was not enough to establish probable cause. (Doc. 23 at 4). He further argues that Murton acted with reckless, i.e., unreasonable, disregard by failing to confirm whether he was the Lindenmuth with an active arrest warrant. According to the plaintiff, Murton should have realized from his driver's license that he was twelve years younger than the wanted Lindenmuth, that his license was vertical, indicating that he was under the age of twenty-one and could not be the wanted Lindenmuth, and that his middle name, date of birth, and address all differed from the wanted Lindenmuth's. (Doc. 23 at 5). However, Murton did not realize any of it because he merely glanced at the name on the license.

Moreover, the plaintiff argues that no exigent circumstances existed to warrant Murton's misidentification, that he has reason to believe, subject to discovery, that the Lindenmuth subject to the arrest warrant was well-known to law enforcement, and that discovery is needed to determine what else Murton knew at the time of arrest, such as whether he was relayed details

about the plaintiff's "height, weight, appearance, hair color, and other identifying characteristics." *Id.* at 4-6. The totality of these circumstances, according to the plaintiff, suggests that Murton's actions were unreasonable, as a reasonable officer would not have concluded the plaintiff was the individual subject to the warrant.

Murton, on the other hand, argues that his actions were reasonable because there was an active arrest warrant for a Joshua Lindenmuth, which he "confirmed the existence of" before detaining the plaintiff. (Doc. 21-1 at 7). He further notes that the plaintiff does not dispute the existence or validity of the arrest warrant, that the plaintiff does not allege that any identifying information was known to Murton, and that he has not alleged that the plaintiff ever stated he was not the Joshua Lindenmuth with an arrest warrant during the course of his arrest and detention. *Id.* Simply put, Murton believes that he is protected by qualified immunity because he reasonably mistook an individual's identity "on-the-spot" while "in the field." *Id.* at 8.

Considering these arguments, the court finds that further discovery is needed. Issues of fact exist such that the motion must be denied. On one hand, Murton could be correct that his mistake of assuming he had the right Lindenmuth was reasonable in light of the arrest warrant and the fact that Joshua Lindenmuth is an uncommon name and the Borough of Frackville is

a small municipality. On the other hand, further discovery could reveal that Murton should have realized the plaintiff was not the relevant Joshua Lindenmuth based on information that may have been relayed to him and based on what a police officer in his circumstances would be expected to do. Moreover, whether Murton's mistake was reasonable such that the constitutional right not to be unlawfully detained was not "clearly established" at the time of the incident, is itself an issue of fact that would best be determined at a later stage.

## IV. CONCLUSION

For the foregoing reasons, defendant Murton's motion for judgment on the pleadings will be **DENIED**. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/28/26
26-704-01