**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA LINDENMUTH,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:26-704** |
| **v.** | : | **(JUDGE MANNION)** |
| **SCHUYLKILL COUNTY, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the court is defendant Schuylkill County's motion for judgment on the pleadings. (**Doc. 22**). For the reasons stated herein, the motion will be **DENIED**.

## I. BACKGROUND

By way of relevant background, on March 18, 2026, plaintiff Joshua Lindenmuth ("the plaintiff") filed a complaint alleging claims of unlawful seizure/false arrest against defendants Joseph Murton and Borough of Frackville Police Chief Paul Olson, III, supervisory liability against Olson, and municipal liability against defendants Borough of Frackville and Schuylkill County, all in violation of 42 U.S.C. §1983. (Doc. 1). The complaint stems from an alleged August 19, 2025, incident where the plaintiff was arrested by officers Murton and Olson, who mistook him for an individual of the same name with an active arrest warrant, and detained in the Schuylkill County

Prison for over fifteen hours, where he was strip searched, vaccinated against his will, and confined in a cell overnight with another detainee, all after prison officials realized the mistake. (Doc. 1, ¶¶13, 15-16, 22-29).

According to the plaintiff, the officers should have and could have recognized their mistake via basic investigative measures, such as comparing the date of birth on his driver's license to the wanted Joshua Lindenmuth's, considering they are separated by twelve years in age. *Id.*, ¶18, 21, 37-42. Moreover, the plaintiff asserts that Olson's role as police chief makes him liable under a theory of supervisory liability, and that the policies, procedures, customs, and practices of both the Borough of Frackville and Schuylkill County make them liable under a theory of municipal liability. *Id.*, ¶¶48-66.

On May 13, 2026, Schuylkill County filed the present motion for judgment on the pleadings, and on May 27 an accompanying brief in support. (Docs. 22, 24). On June 10, 2026, the plaintiff filed a brief in opposition to the motion. (Doc. 25). Finally, on June 24, 2026, Schuylkill County filed a reply brief. (Doc. 26). Thus, the motion is ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) states, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment

on the pleadings." Judgment will be granted if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). Generally, the standard for deciding a motion for judgment on the pleadings pursuant to Rule 12(c) is identical to that for deciding a motion to dismiss pursuant to Rule 12(b)(6). *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). The court must view "the facts presented in the pleadings and the inferences drawn therefrom in the light most favorable to the nonmoving party." *Id.* However, the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. V. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). The court also need not accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 554. "Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 554, and providing further guidance on the standard set forth therein)

(holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a claim and must state a claim that is plausible on its face).

In deciding the defendant's motion, the court should generally consider only the allegations in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which the plaintiff has identified as the basis of their claim. *See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In addition, unlike a motion to dismiss, in ruling on a motion for judgment on the pleadings, "the court . . . reviews not only the complaint but also the answer and written instruments attached to the pleadings." *Brautigam v. Fraley*, 684 F.Supp.2d 589, 591 (M.D.Pa. 2010).

## III. DISCUSSION

Schuylkill County argues that the present motion should be granted, and the claim against Schuylkill County alleging municipal liability should be dismissed as the County is not liable pursuant to *Monell* and it is protected by qualified immunity. *See generally* (Doc. 24).

Under *Monell*, "a local government may not be sued under [§]1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [§]1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Furthermore, "custom can be shown by the presence of a course of conduct that 'is so well-settled and permanent as virtually to constitute law.'" *Chernavsky v. Township of Holmdel Police Dept.*, 136 F.App'x 507, 509 (3d Cir. 2005) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

According to Schuylkill County, "[t]he [c]omplaint is devoid of any facts to establish a policy, custom or practice to support [municipal] liability as the claims are centered on an isolated incident of mistaken identity." (Doc. 24 at 6). The court disagrees. The complaint, in fact, alleges that upon arrival at the Schuylkill County Prison, staff realized that the plaintiff was not the wanted Joshua Lindenmuth, "but that given the hour in the day they would not be able to do anything about it until Plaintiff attended court the following day." (Doc. 1 at 5, ¶24). Thus, the complaint states, "Schuylkill County Prison failed to have any policy, practice, custom or procedure in place for circumstances . . . where[ ] the correctional personnel became aware that a detainee was improperly in custody and therefore being unconstitutionally

held," which would foreseeably cause the sort of harm the plaintiff suffered. *Id.* at 10, ¶¶64, 65.

Further, while the plaintiff alleges a *lack* of official policy, rather than a deficient policy, the complaint is still sufficient. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 584 (3d Cir. 2003) ("a policy or custom may also exist where 'the policymaker has failed to act affirmatively at all'") (quoting *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 417-18 (1997)). Finally, though neither party mentions it in their briefs, the complaint also alleges that the plaintiff was subjected to a strip search, administered a tuberculosis vaccination without consent, and confined overnight in a cell with another inmate, all *after* prison officials learned that he should not be at the prison at all, calling into question Schuylkill County's policies, procedures, and training for dealing with similarly situated individuals. (Doc. 1, ¶¶24-26). Accordingly, Schuylkill County's *Monell* argument fails, as the plaintiff has sufficiently pleaded allegations of constitutionally deficient practices at Schuylkill County Prison, such that discovery should proceed.

Turning to the question of qualified immunity, the doctrine provides that government officials performing "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or

constitutional right[ ] of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Simply put, qualified immunity protects individual state actors. It does not, as Schuylkill County suggests, protect municipalities themselves. *See Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 (1980) (acknowledging that "neither history nor policy supports a construction of [§]1983 that would justify" immunity for a municipality).

## IV. CONCLUSION

For the foregoing reasons, defendant Schuylkill County's motion for judgment on the pleadings will be **DENIED**. An appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/28/26
26-704-02